BENJAMIN POPE and WIFE, plaintiffs in error, *vs.* NATHAN TUCKER, defendant in error.

[1.] A gift to a father in trust for his children, is an *executed* trust.

[2.] The wife's "chattels personals in possession" vest absolutely in the husband on the marriage.

Trover, in Laurens Superior Court. Tried before Judge LOVE, October Term, 1857.

This was an action of trover by Benjamin Pope and wife against Nathan Tucker for the recovery of a negro woman, named Rena, and her children.

Defence, Statute of Limitations.

The following clause in a deed of gift executed by Instance Hall, dated 27th July, 1833, was the foundation of plaintiff's claim and title:

I give unto my son, Littleton G. Hall, in trust and for the sole use and benefit of his children, to have and to hold forever, a tract of land adjoining the two last mentioned tracts, and containing equal number of acres with one of them. And also a negro man named Perry, a negro woman, Dorcas, and a girl named Rena."

Mrs. Pope was one of the children of Littleton G. Hall, and was married in January, 1837.

There was evidence that defendant had notice of the deed, and the claim of the children of Littleton G. Hall to the negro, Rena, when he bought her.

Defendant purchased Rena from Littleton G. Hall, June, 1837, and received an absolute bill of sale from him, warranting the title.

Upon offering in evidence, said bill of sale, plaintiff objected to its introduction on the ground that it was not properly recorded, which objection was sustained by the Court. Whereupon defendant called a witness, who proved the hand-writing of the subscribing witness, when the bill of sale was admitted.

The jury found for the plaintiffs six hundred dollars.

Defendants moved for a new trial on the grounds:

1st. That the verdict is contrary to law.

2d. That the verdict is contrary to evidence.

3d. That the verdict is contrary to the charge of the Court, in this, that the Court charged "that if Littleton G. Hall repudiated the trust, and said the property was his individual property, and the plaintiffs had notice thereof, the statute of limitations is a bar to a recovery."

4th. That the verdict is strongly and decidedly against the weight of evidence.

33

After argument, the Court set aside the verdict and granted the motion for a new trial.

And to this decision, granting a new trial, plaintiffs excepted, and assign the same as error.

COCHRAN, for plaintiffs in error.

W. S. ROCKWELL, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

Was the Court below right, in granting the motion for a new trial?

One of the grounds of that motion was, that the verdict was contrary to the evidence.

Was this ground well taken?

One of the pleas was the statute of limitations, viz: that the cause of action was one that had arisen, more than four years before the commencement of the action.

Did the evidence support this plea?

The evidence discloses a deed made by Instance Hall, the grandfather of Mrs. Pope, containing this clause: "I give unto my son Littleton G. Hall in trust, and for the sole use and benefit of his children, to have and to hold forever, a tract of land adjoining the two last mentioned tracts, and containing equal number of acres with one of them, and also a negro man named Perry, a negro woman Dorcas, and a girl named Rena."

The title of the plaintiffs to *Rena* and her children depended on this clause; Mrs. Pope one of the plaintiffs, being one of the "children" of Littleton G. Hall, and having been married to Mr. Pope, after the date of the deed.

What interest, then, did she take in *Rena* and her children, under this clause?

[1.] She took a vested legal interest. The trust was an *executed*, not an *executory* one. There was nothing to be

done by the trustee. *Jordan vs. Thornton,* 7 *Ga.* 517; *Edmondson and Wife vs. Dyson,* 2 *Kelly* 307; *Glenorchy vs. Bosville,* 1 *Lead. Cas. in Eq.*

A vested legal interest in Rena and her children, then, was what Mrs. Pope took under this clause. Such an interest is sufficient to support trover; and therefore, Mrs. Pope if she had remained unmarried might have brought trover, in her own name, for Rena and her children.

[2.] She married Mr. Pope. What interest did he acquire by the marriage? He acquired whatever interest she had; and he acquired that interest *absolutely.* "But the marriage is an absolute gift of all chattles personals in possession in her own right, whether the husband survive the wife or no; but if they be in action as debts, by obligation, contract, or otherwise, the husband shall not have them, unless he and his wife recover them. *Coke Litt.* 351, *b.*

Were Rena and her children, "chattels personals in possession," of Mrs. Pope, at the time of the marriage.

The marriage took place on the 5th of January, 1837. On the 10th of January, 1837, the father of Mrs. Pope, named as trustee in the deed aforesaid, conveyed Rena to Tucker, the defendant in the action. There is no evidence of any other act of conversion, on the part of the father, except this sale to Tucker. It is to be presumed, therefore, that at the time of the marriage, the father was holding possession of Rena, for his children, in whom the legal title to her was. And if he was, then, his possession was their possession. Consequently, we may say, that Rena *was* a chattel personal in possession, of the children, including Mrs Pope, at the time of her marriage.

Indeed, the authorities seem to go the length of saying, that even if at the time of the marriage, a specific chattel personal of the wife, is in the *adverse* possession of some third person, such chattel is, nevertheless, to be considered a chattel personal in *her* possession, and therefore, that it is one which passes absolutely to the husband, so that, he may re-

-cover it in his own name.  *Powers et ux. vs. Marshall, Vin. Abr. Bar. and Feme. (S.)* 10 *Id, (S.)* 32 35 39; *Batmore vs. Graves, Id. (S.)* 53; *Bac. Abr. (C.)* 3, *McQueen Husb. and Wife,* 19 20 46; *Bill Law Prop. as to Husb. and Wife,* 49, 50.

Mr. Pope then, by the marriage, acquired, absolutely, Mrs. Pope's interest, in Rena; and, therefore, acquired the right to bring suit in his own name, in respect to any subsequent, if not, in respect to any previous appropriation, or conversion of Rena.

The sale made to Tucker, by the father of Mrs. Pope, was subsequent to the marriage, and such sale was a conversion on the part of both buyer and seller, consequently, by such sale, Mr. Pope acquired the right to bring trover in his own name, against Tucker, immediately.

The sale was in 1837. The right of action being one arising at the time of the sale, was one, therefore, of which, what the plea said, was true, viz: that it arose more than four years before the commencement of the action.

That the action was brought in the names of husband and wife, can make no difference; the entire right was in the husband.

We think, then, that the plea of the statute of limitations, was supported by the proof.

And, therefore, we think the Court was right, in granting the motion for a new trial.

Judgment affirmed.